UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. |
| | ) | |
| v. | ) | VIOLATIONS: |
| | ) | |
| PAUL ANTHONY CONTE, | ) | Count One: Attempt to Evade or Defeat |
| | ) | Income Tax |
| Defendant. | ) | (26 U.S.C. § 7201) |
| | ) | |
| | ) | |
| | ) | |

## INFORMATION

The Acting Deputy Assistant Attorney General of the United States Department of Justice, Tax Division ("A.D.A.A.G.") charges:

At all times relevant to this Information:

### Introduction

1. Defendant PAUL ANTHONY CONTE ("CONTE"), a resident of Upton, Massachusetts, within the District of Massachusetts, was an attorney and a member of the Commonwealth of Massachusetts Bar from approximately 1995 through approximately 2020.

2. From at least approximately January 2003 to at least in or about 2020, CONTE was the sole proprietor of several Massachusetts registered entities through which he offered his services as a taxation, investments, and real estate specialist, at times operating simultaneously, including:

   a. 1031 Solutions, Inc., a Massachusetts corporation formed January 8, 2003, and which operated from approximately January 2003 to approximately June 2012;

   b. BACOL, Inc., a Massachusetts corporation formed March 2, 2006, and which

1

    operated from approximately March 2006 to approximately June 2012;

  c. Tax Deferred Sales, LLC, a Delaware limited liability company registered July 26, 2016, and which operated from approximately July 2016 to approximately June 2019; and

  d. 1031 Solutions LLC, a Delaware limited liability company registered December 20, 2015, and which operated from approximately December 2015 to approximately 2020.

3. The Internal Revenue Service ("IRS") was an agency within the United States Department of the Treasury responsible for administering and enforcing federal revenue laws and regulations regarding the ascertainment, computation, assessment, and collection of taxes owed to the United States by its citizens and residents.

4. Pursuant to Title 26 of the United States Code, United States citizens and permanent residents who received gross income in excess of the minimum filing amount established by law for a particular year were generally required to file an income tax return with the IRS for that year. Individual income tax returns were generally due on April 15 following the end of the year. An individual could apply for and receive an automatic six-month extension of time for filing the return by filing IRS Form 4868, Application for Automatic Extension to File U.S. Individual Income Tax Return.

5. Pursuant to Title 26 of the United States Code, a domestic limited liability company ("LLC") with only one member, including Tax Deferred Sales, LLC and 1031 Solutions LLC, was disregarded for income tax purposes, unless it elected to be treated as a corporation. An LLC member was required to report any activity conducted for income or profit

on a Schedule C (Sole Proprietorship), attached to the taxpayer's income tax return.

6. CONTE, through his entities, including 1031 Solutions LLC, served as a qualified intermediary ("QI") for taxpayers seeking to defer capital gains taxes on real estate transactions that were authorized pursuant to Internal Revenue Code ("IRC") Section 1031.

7. Acting as a QI, CONTE, in exchange for a fee, created the documentation supporting the taxpayer's intent to initiate an IRC Section 1031 tax-deferred exchange and held the proceeds of the sale of real property in business bank accounts he controlled, until such time as the funds were needed for the purchase of the replacement property.

8. CONTE deposited the funds from the 1031 tax-deferred exchanges into business bank accounts held in the names of his entities, including 1031 Solutions LLC, and these accounts earned significant interest income while he held the funds in escrow. The financial institutions issued Forms 1099-INT reflecting the income earned, but CONTE failed to file any individual income tax returns and any tax returns on behalf of the entities for the period from at least 2016 through 2020 reflecting this income.

9. CONTE further concealed his income from the IRS by using his nominee business bank accounts to pay for his personal expenses, including, but not limited to, purchasing auto parts, guns, jewelry, and powersports vehicles, among other things.

10. CONTE further concealed his income from the IRS by transferring funds from his business entities to his wife, Individual A, whose identity is known to the A.D.A.A.G., and in turn, used Individual A's bank account, in which CONTE was not a signatory until approximately April 2020, to pay his personal expenses

11. By failing to file any individual or entity tax returns, CONTE failed to properly

report the following amounts as gross receipts and compensation, including as a QI:

| 2016 | 2017 | 2018 | 2019 | 2020 | Total |
|---|---|---|---|---|---|
| $63,310 | $17,289 | $26,349 | $288,984 | $106,982 | $502,914 |

12. As a result of the omission of these gross receipts, CONTE caused a tax loss to the IRS of approximately $47,669, representing the failure to properly record and report his income and compensation, including as a QI.

## COUNT ONE
### Attempt to Evade or Defeat Income Tax
### 26 U.S.C. § 7201

13. The A.D.A.A.G. re-alleges and incorporates by reference paragraphs 1 through 12 of this Information.

14. From on or about January 1, 2019, to on or about April 15, 2020, in the District of Massachusetts and elsewhere, the defendant,

### PAUL ANTHONY CONTE,

a resident of Upton, Massachusetts, who during the calendar year 2019 was married, received taxable income, upon which there was income tax due and owing to the United States of America. Knowing the foregoing facts and failing to make an income tax return on or before April 15, 2020, as required by law, to any proper officer of the IRS, CONTE did willfully attempt to evade and defeat a substantial part of the income tax due and owing by him and his wife to the United States of America by committing the following affirmative acts, among others:

   a. Using nominee entities and nominee bank accounts to conceal his receipt of income;

   b. Concealing the use of entity bank accounts to pay for personal expenses.

All in violation of Title 26, United States Code, Section 7201.

                                        KAREN E. KELLY
                                      Acting Deputy Assistant Attorney General
                                      U.S. Department of Justice, Tax Division

By: *[signature: Catriona Coppler]*
JORGE ALMONTE
Assistant Chief
U.S. Department of Justice, Tax Division

CATRIONA COPPLER
Trial Attorney
U.S. Department of Justice, Tax Division

District of Massachusetts: May 22, 2025